HARRY F. PECK *vs.* ABBOTT AND FERNALD COMPANY.

Suffolk. March 6, 1916. — March 8, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Frauds, Statute of.*

The mere setting apart by their seller of a carload of oats of the value of more than $500, the seller intending to deliver the oats to a certain buyer under an oral contract of sale of which there is no memorandum in writing, there being no acceptance by the buyer, does not satisfy the requirements of the statute of frauds contained in St. 1908, c. 237, § 4.

CONTRACT for $802.50, the price of a carload of straight clipped white oats alleged to have been sold by the plaintiff to the defendant. Writ in the Municipal Court of the City of Boston dated November 14, 1910.

The defendant in its answer, in addition to a general denial, alleged that, if any such contract was entered into between the plaintiff and the defendant, such contract was for the sale of goods of the value of $500 or upward, as appeared from the plaintiff's declaration; that the defendant did not accept or receive the goods or any part thereof, or give something in earnest to bind the alleged agreement or in part payment thereof, and that there was no note or memorandum in writing of the alleged agreement or sale signed by the defendant or its agent in that behalf as required by St. 1908, c. 237, § 4.

On appeal to the Superior Court the case was tried before *Dubuque,* J. At the close of the evidence the plaintiff asked the judge to rule that the case was not within the statute of frauds. The judge refused to make this ruling and found for the defendant. At the request of the plaintiff the judge reported the case for determination by this court.

St. 1908, c. 237, § 4, is as follows:

"(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upward shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold and actually re-

ceive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"(2) The provisions of this section shall apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time, or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

Section 78 of the same chapter is as follows: "Section five of chapter seventy-four of the Revised Laws and all acts and parts of acts inconsistent herewith are hereby repealed."

The case was submitted on briefs.

*A. L. Stinson,* for the plaintiff.

*H. F. R. Dolan, J. H. Morson & J. S. O'Neill,* for the defendant.

BY THE COURT. This is an action of contract to recover damages alleged to have been sustained by the breach of an oral contract, made by the defendant, to buy a carload of oats to be delivered in the future for $802.50. There was no evidence of giving anything in earnest to bind the contract, or in part payment, by the defendant. It refused to take the goods when delivery was tendered.

The answer set up the statute of frauds. St. 1908, c. 237, § 4. The sale plainly was within its terms, and hence, unenforceable. The plaintiff seeks to avoid the force of this defence by reliance upon that part of the section, clause (1), to the effect that an oral contract of sale may be valid when "the buyer shall accept part of the goods . . . and actually receive the same," and of that part of clause (3) of the same section, to the effect that there is "acceptance" of the goods under the sales act "when the buyer,

either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." There was no "actual receipt" of the goods by the buyer. There was no evidence of its assent to become the owner of any specific goods. Such acceptance would seem to have been impossible, as the goods were sold for future delivery, and, long before the time for the delivery arrived, the transaction was repudiated by the defendant. The mere setting apart of the carload for the defendant by the seller, without more, was not an acceptance by the buyer.

*Judgment for the defendant.*