HOUGHTON AND DUTTON COMPANY vs. JOURNAL ENGRAVING COMPANY.

Suffolk. March 28, 1922. — June 16, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Contract*, What constitutes, Performance and breach. *Sales Act. Frauds, Statute of. Corporation*, Officers and agents. *Agency*, Existence of relation, Scope of authority. *Election. Municipal Court of the City of Boston. Practice, Civil*, Requests for findings of fact, Appeal, Report.

At the trial of an action of contract against a corporation for the purchase price of paper, designed to be used in the printing business, there was evidence that a contract for the purchase of the paper was made with the plaintiff in the name of the defendant, that the defendant, whose principal business was engraving, also took orders for printing and held itself out as in that business, having orders for that kind of work executed by others; that its president and acting manager, who purchased most of the goods required for the business, orally contracted in its behalf for the paper and directed its delivery to one of the concerns that did printing for the defendant. The judge found that the contract was made in behalf of the defendant. *Held*, that the finding was warranted.

The president and acting manager of a business corporation, who customarily has acted for it in the purchase of goods, may be found, in the absence of evidence restricting his authority in the particular instance, to have been authorized to contract in its name for merchandise of the kind used in its business.

In the action above described, the judge found that the printing concern to which the paper was delivered at the defendant's direction not only received but accepted the goods, and found for the plaintiff. *Held*, that

(1) The further conclusion was justified that the paper was delivered for the purposes of the printing concern and that its use and disposition by that concern were contemplated and authorized by the defendant;

(2) A finding both of receipt and of acceptance within the provisions of G. L. c. 106, § 6, was warranted.

At the trial of the action above described, it appeared that the plaintiff also brought an action for the purchase price of the paper against the printing concern to which it was delivered, that the defendant therein was defaulted, that judgment was entered and that execution had issued, which was unsatisfied. It did not appear upon what basis liability in that action was claimed to exist. The president and acting manager of the defendant in the present action was the treasurer of the printing concern and he and the defendant's treasurer owned a controlling interest in the printing concern. *Held*, that it could not be ruled as a matter of law that the action against the printing concern constituted an election to hold the printing concern rather than the defendant.

At the trial of an action in the Municipal Court of the City of Boston, the trial

judge is not bound to make findings of facts at the request of either party, and no question of law is presented to this court upon an appeal from a dismissal by the Appellate Division of a report stating a refusal of such a request.

CONTRACT for the purchase price of paper. Writ in the Municipal Court of the City of Boston dated February 7, 1919.

Material evidence and facts found at the trial in the Municipal Court are described in the opinion. The plaintiff duly made requests for rulings of law, which, with the disposition made of them by the trial judge, were as follows:

"1. The delivery of the merchandise alleged to have been sold by the plaintiff to the defendant made to the Eureka Press on the specific order of the defendant corporation is a delivery to the defendant within the meaning of St. 1908, c. 237." "Allowed."

"2. The president and manager of a corporation has, by virtue of his office, the authority to obligate the corporation in the purchase of merchandise that might reasonably be used in the corporation's business." "Allowed on facts found in this case."

"3. A judgment in any action is no bar to another action, unless the judgment relied upon is after a trial upon the merits of the case." "Allowed on facts found in this case."

"4. A judgment in any action is no bar to another action unless the action in which the judgment has been entered is between the same parties as the action in which it is plead in bar." "Allowed on facts found in this case."

The defendant made requests for rulings, which, with the disposition of them made by the judge, were as follows:

"1. Where a person is an officer in each of two separate, different and distinct corporations engaged in different businesses, and where being an officer of the defendant corporation while in the office of the defendant corporation he gave an order to the plaintiff for certain goods to be delivered to the other corporation of which he was an officer he is not the agent of the defendant corporation either to accept or to receive said goods when in the office of the other corporation, which goods are to be used by the other corporation in its business." "Denied; not in accordance with facts found."

"2. Where a plaintiff brings separate suits against two separate, distinct defendants upon the same bill of goods and takes judgment against one of them he is estopped from prosecuting the

other suit against the other defendant." "Denied upon facts found."

"3. The bringing of an action against one person with knowledge of the liability of another is conclusive of an election when said action is followed to judgment." "Denied as not in accordance with facts found."

The judge found for the plaintiff and, at the request of the defendant, reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

G. L. c. 106, § 6, cl. 1, reads as follows: "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or more shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold, and actually receive the same, or give something in earnest to bind the contract, or any part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

*C. W. Dealtry,* for the defendant.

*E. P. Shaw, 3d, (P. A. Hendrick* with him,) for the plaintiff.

JENNEY, J. This is an action of contract to recover $1,285.63 for paper apparently designed to be used in the printing business. The judge found for the plaintiff.

The first contention of the defendant is that the person making the contract was not authorized to bind it; but the judge found that the contract was made in its behalf. This finding was justified. The evidence warranted the conclusion that the defendant, whose principal business was engraving, also took orders for printing and held itself out as in that business, having orders for that kind of work executed by others; that Guyette, its president and acting manager, who purchased most of the goods required for the business orally contracted in its behalf for the paper and directed its delivery to the Eureka Press, one of the concerns that did printing for the defendant.

The plaintiff's second request for ruling, which was "Allowed" on the facts found, is construed as given in so far as it related to the actual authority of the president and acting manager of the defendant, and so limited, was correct. In the absence of evidence restricting his authority in the particular instance, the

president and acting manager of a business corporation, who has customarily acted for it in the purchase of goods, is authorized to contract in its name for merchandise of the kind used in its business. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 196 Mass. 72, 76. *Sherman* v. *Fitch,* 98 Mass. 59. See *Dunton* v. *Derby Desk Co.* 186 Mass. 35.

The defendant also urges that the evidence did not authorize a finding that the goods, which were the subject of a single oral contract and which were upwards of $500 in value, were accepted and actually received as required by St. 1908, c. 237, § 4 (see now G. L. c. 106, § 6). Admittedly the other requirements of that section were not performed, and in order to maintain this action the plaintiff must prove not only that the paper was actually received, but that it was accepted. These requirements are distinct in character. The delivery to the Eureka Press by the direction of the defendant warranted, if it did not require, a finding of actual receipt. Delivery to a bailee or agent of the buyer or at its direction was sufficient. However, a receipt under the statute is distinct from an acceptance, although it may be evidenced largely by the same facts. *Kemensky* v. *Chapin,* 193 Mass. 500. *Peck* v. *Abbott & Fernald Co.* 223 Mass. 423. Under the sales act (§ 4, cl. 3), "There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." If the buyer or the person to whom he has directed the ultimate delivery required in order to complete the contract does any act in relation to the property which authorizes the conclusion that it is held by virtue of the contract and with the intent to exercise the dominion of an owner, an acceptance may be found. A detention of goods for an unreasonable time and without any explanation may warrant a finding to that effect. *Knight* v. *Mann,* 118 Mass. 143. *Townsend* v. *Hargraves,* 118 Mass. 325. *Dean* v. *Tallman,* 105 Mass. 443. *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194. *Kemensky* v. *Chapin, supra. Morton* v. *Tibbett,* 15 Q. B. 428. *Standard Wall Paper Co.* v. *Towns,* 72 N. H. 324.

The judge found that the Eureka Press not only received, but accepted, the goods. The evidence was sufficient to justify the further conclusion, inferable from the general finding for the

plaintiff, that the goods were delivered to the Eureka Press for its purposes and therefore that their use and disposition by it were contemplated and authorized by the defendant. It follows that the first request for ruling was properly given.

The remaining question relates to the effect of an action brought by the plaintiff against the Eureka Press for the purchase price of the property. That defendant was defaulted when the case was reached for trial, and judgment has been entered. This defendant claims that the bringing of that action and its prosecution to an unsatisfied judgment constituted an election to hold the Eureka Press rather than the defendant and as matter of law required a finding for it in this case.

The defendant is liable because it has been found that the contract was made by it solely in its own behalf. It does not conclusively appear that the suit against the Eureka Press was brought on the theory that the defendant had acted as an agent for that corporation or, indeed, upon what basis liability was claimed to exist. The plaintiff may have thought that the evidence might show a contract expressly made by Guyette in behalf of the Eureka Press of which he was treasurer and in which he and the defendant's treasurer held a controlling interest, rather than upon the credit or in the name of the defendant. If so, there was an independent obligation of the Eureka Press not founded upon a contract of the defendant and there is no rule of law to forbid, in such circumstances, the plaintiff from keeping and enforcing any rights it may have until it has obtained satisfaction from one. See *Elwell* v. *State Mutual Life Assurance Co.* 230 Mass. 248, 253. The present case is not governed by *Estes* v. *Aaron,* 227 Mass. 96, and *Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576. The record discloses no error in refusing to rule that the plaintiff had released the defendant by an election to hold the Eureka Press for the price of the goods. The allowance of the third and fourth requests for rulings shows no reversible error as the rulings given were limited to the facts as found.

The defendant did not claim to be aggrieved because of the refusal to find the facts as it requested. The judge was not bound to make findings at the request of either party. *James Elgar, Inc.* v. *Newhall,* 235 Mass. 373.

As expressly stated in the defendant's brief, it does not base

any argument upon the refusal to give its requests for rulings, and they are treated as waived.

The order dismissing the report must be affirmed.

*So ordered.*