ERNEST ALBERT NICKEL *vs.* BARNEY ZEITZ & another.

Dukes County.    October 25, 1926. — January 10, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Construction, Performance and breach, Validity. *Practice, Civil,* Exceptions. *Words,* "Approximately and more or less."

The declaration in an action of contract was based upon an original agreement and a supplemental agreement, both in writing, and contained allegations in substance as follows: The original agreement was for the laundering of certain underwear and shirts and further provided: "Optional with the . . . [defendant] the . . . [plaintiff] also agrees, if desired, to . . . [launder] according to . . . [defendant's] instructions the following additional lots of merchandise and deliver as hereinbefore specified, at a price to be mutually agreed upon, to wit: approximately and more or less of each quantity, 237 bales of stockings; 205,975 Leather Jerkins; 802 bales Puttees; 71 bales Leather Gloves; 349 bales Waist Belts; 94,428 pair rubber boots; 139 cases Shoe Laces." The supplemental agreement contained the following language: "Supplemental to our originally signed contract . . . , it is now mutually agreed that . . . [the plaintiff] will transport to his laundry, dry, sort for size and bale the . . . [articles named at certain prices]." The defendant delivered to the plaintiff less than half of the articles described and refused to deliver the remainder for laundering under the terms of the contract. The defendant demurred to the declaration. *Held,* that

(1) The two contracts should be read together;

(2) Although the contract was divisible, it was a single bilateral contract;

(3) The delivery of certain quantities of the goods could have been found to be an acceptance of the plaintiff's agreement to do the work;

(4) The phrase, "approximately and more or less," was sufficiently definite to bind the parties;

(5) It could not be said as matter of law that the contract was too uncertain and indefinite in its terms to be enforceable.

CONTRACT, with a declaration as amended described in the opinion. Writ dated February 13, 1920.

The defendant demurred to the second, third and fourth counts of the declaration on the following, among other, grounds:

"1. As to the second count, because the defendants were not bound under the contracts to deliver all the jerkins mentioned in the contracts annexed to the amended declaration."

"3. As to the third count, because the defendants were not bound under the contracts to deliver all the puttees mentioned in the contracts annexed to the amended declaration."

"5. As to the fourth count, because the defendants were not bound under the contracts to deliver all the socks mentioned in the contracts annexed to the amended declaration."

The demurrer was heard by *Morton,* J., and was sustained on the grounds above set out. The plaintiff appealed.

*M. M. Johnson,* for the plaintiff.

*J. W. Cummings, 2d,* for the defendants.

CROSBY, J. The case is here on an appeal from an order sustaining a demurrer to the second, third and fourth counts of the amended declaration. The declaration is based upon an agreement and a supplemental agreement, both in writing, for the laundering by the plaintiff of certain articles; the first count, for laundering certain underwear and flannel shirts; the second for laundering approximately two hundred five thousand nine hundred seventy-five leather jerkins; the third, for laundering approximately eight hundred two bales of puttees; and the fourth, for laundering approximately two hundred thirty-seven bales of stockings. The second, third and fourth counts are substantially identical except as to the kind of article to which reference is made.

The original agreement, dated February 27, 1919, was

for the washing, cleansing, drying, baling and delivery of the articles by the plaintiff to the defendants, and provided in part as follows: "Optional with the party of the second part [the defendants], the party of the first part [the plaintiff] also agrees, if desired, to wash, cleanse, salvage and dry, according to second party's instructions the following additional lots of merchandise and deliver as hereinbefore specified, at a price to be mutually agreed upon, to wit: approximately and more or less of each quantity, 237 bales of stockings; 205,975 Leather Jerkins; 802 bales Puttees; 71 bales Leather Gloves; 349 bales Waist Belts; 94,428 pair rubber boots; 139 cases Shoe Laces."

Thereafter the following supplemental written agreement was entered into by the parties:

"Supplemental to our originally signed contract of February 27th, 1919, it is now mutually agreed that Ernest A. Nickel will transport to his laundry, dry, sort for size and bale the Leather Jerkins for Ten Cents per garment;

"For such lots of Leather Jerkins as he has also Brushed, the price to be Fifteen Cents per garment;

"Any further lots of Leather Jerkins which he may also Brush to be paid for at the rate of Fifteen Cents per garment.

"Puttees washed, dried, paired and bundled and baled at Ten Cents per pair.

"Socks to be paid for at Three Cents per pair; all to be delivered in good condition at Woods Hole.

"Witness our hands this nineteenth day of March, nineteen hundred and nineteen."

It is in substance alleged in the amended declaration that under the contract the defendants delivered to the plaintiff ninety-two thousand six hundred leather jerkins, sixteen thousand eight hundred twenty-four pairs of puttees, and eighteen thousand six hundred ninety-three pairs of stockings; but that the defendants have neglected and refused to deliver the balance of said articles to be laundered in accordance with the terms of the contract.

It is plain that under the original agreement the question, whether the puttees, jerkins or stockings should be laundered by the plaintiff, was optional with the defendants. The

price to be paid for work upon these articles was not therein stated. Unless and until the defendants exercised their option, no right existed on the part of the plaintiff to do any work upon those articles. When, however, under the supplemental agreement, the prices were fixed, and the defendants delivered to the plaintiff some stockings, jerkins and puttees, the defendants could be found to have exercised their option to have those articles laundered by the plaintiff who, upon completing the work, would be entitled to be paid for substantially the quantities named and described in the original agreement.

If the defendants had refused to deliver substantially the whole number agreed upon, the plaintiff would be entitled to recover the damages he had sustained because of such refusal, unless the entire contract is so vague and indefinite as to be unenforceable. The original agreement is to be read in the light of the supplemental agreement. The plaintiff made an offer for a certain consideration to do work on "approximately and more or less" of each quantity of the goods, and the defendants delivered to the plaintiff the quantities of each kind of articles as above stated. Although different prices were to be paid for the different articles and the work was to be paid for in instalments, and therefore the contract was divisible, it does not follow that it constituted several contracts. *Barrie* v. *Earle,* 143 Mass. 1, 4. *Obery* v. *Lander,* 179 Mass. 125. Williston on Contracts, § 861. It was a single bilateral contract. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474. *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425.

The delivery of certain quantities of the goods could have been found to be an acceptance of the plaintiff's agreement to do the work. Conduct "which imports acceptance or assent is acceptance or assent in the view of the law, whatever may have been the actual state of mind of the party . . ." *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194, 197. *Obery* v. *Lander, supra. McKinney* v. *Boston & Maine Railroad,* 217 Mass. 274, 276. *New York Central & Hudson River Railroad* v. *York & Whitney Co.* 230 Mass. 206, 219, 220.

*Houghton & Dutton Co.* v. *Journal Engraving Co.* 241 Mass. 541, 544.

The question remains, whether the phrase "approximately and more or less" was sufficiently definite to bind the parties. These words are frequently used in contracts relating to real and personal estate, and are to be given their plain, ordinary and usual meaning. "As applied to quantity, they are to be construed as qualifying a representation or statement of an absolute and definite amount, so that neither party to a contract can avoid it or set it aside by reason of any deficiency or surplus, occasioned by no fraud or want of good faith, if there is a reasonable approximation to the quantity specifically named as the subject of the contract." *Cabot* v. *Winsor,* 1 Allen, 546, 550. *National Wholesale Grocery Co. Inc.* v. *Mann,* 251 Mass. 238, 249. *Safford* v. *Lowell,* 255 Mass. 220, 226.

It cannot be said as matter of law that the contract is too uncertain and indefinite in its terms to be enforceable. Although the number of stockings or puttees contained in a bale is not indicated, it may be ascertained from the usages of business, the situation of the parties and their oral negotiations. *Gerrish* v. *Towne,* 3 Gray, 82. *Stoops* v. *Smith,* 100 Mass. 63, 66.

Such evidence is not used to vary or control the written contract but to apply it to the subject matter and thereby render certain what would otherwise be doubtful and indefinite. *Butler* v. *Prussian,* 252 Mass. 265, and cases there collected.

As counts two, three and four of the amended declaration set forth a valid contract between the parties, it follows that the order sustaining the demurrer must be reversed.

*So ordered.*