BERTHA E. COHEN *vs.* LEONARD F. MARTIN.

Middlesex.   November 5, 1937. — November 8, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

Evidence as to the conduct of a plaintiff operating an automobile while approaching an intersection of public ways and exercising a right of way therein did not require a ruling that he was guilty of contributory negligence.

TORT. Writ in the Third District Court of Eastern Middlesex dated November 1, 1935.

The action was heard by *Counihan*, J., who found for the plaintiff in the sum of $7,800. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*H. L. Barrett*, for the defendant.

*Lee M. Friedman*, (*F. L. Kozol* with him,) for the plaintiff.

FIELD, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff and for damage to her automobile which she was operating, as a result of a collision with an automobile operated by the defendant. The judge of the District Court found for the plaintiff, and found specifically that the defendant was negligent and that the plaintiff was not guilty of contributory negligence. A report to the Appellate Division was dismissed and the defendant appealed. The sole contention of the defendant now made is that the evidence as matter of law required a finding that the plaintiff was

guilty of contributory negligence. This contention cannot be sustained.

The collision occurred at the intersection of Puritan Road, along which the plaintiff was travelling, and Temple Road, along which the defendant was travelling, in the city of Somerville, when the plaintiff attempted to cross Temple Road in front of the defendant's automobile. There was evidence that Temple Road was about twenty-six feet wide, that the plaintiff entered the intersection before the defendant did, and that the defendant approached the intersection from the left of the plaintiff. The plaintiff testified that the view of the respective operators was obstructed by a house with a hedge around it at the corner of the intersection, "that the defendant was coming down a grade, the top of which was one hundred fifty to two hundred feet beyond the intersection of Temple Road and Puritan Road; that the plaintiff brought her automobile almost to a stop when she was approximately five feet back from the intersecting line; that she looked to her left and to her right and saw no automobiles on Temple Road; that when she had progressed about five feet into the intersection she looked to her left and saw an automobile about one hundred fifty feet away; at that time the plaintiff was travelling very slowly as she had shifted gears and started up from almost a dead stop; that the defendant's automobile was travelling at a speed she estimated was forty-five miles an hour; that the plaintiff continued across the intersection slowly, gradually increasing her speed until she reached a point about half way across the intersection at which time she looked again to her left and saw the automobile about fifty feet away and at that time the automobile was still travelling at a speed she estimated to be forty-five miles an hour; that the plaintiff's automobile continued on and when about five feet of the plaintiff's car had passed beyond the intersection, and as she was travelling at a speed of between twelve to fifteen miles per hour, the plaintiff's automobile was struck by the defendant's automobile at the left running board and left front door at about the driver's seat with the result that the plaintiff's automobile was tipped over

on its side and that the plaintiff sustained severe personal injuries." There was no evidence of other automobile or other traffic on either street.

Though the plaintiff was bound by her own testimony when there was no other evidence more favorable to her (see *Sooserian* v. *Clark*, 287 Mass. 65), the evidence as a whole did not as matter of law require a finding that the plaintiff was guilty of contributory negligence. As in most cases of collisions at intersections, the evidence presented a question of fact. See *Barrows* v. *Checker Taxi Co.* 290 Mass. 231, 233. The fact, which could have been found, that the plaintiff was entitled to the right of way (G. L. [Ter. Ed.] c. 89, § 8) did not relieve her of the duty of exercising care for her own safety. See *Fournier* v. *Zinn*, 257 Mass. 575, 577. But she was entitled to rely to some extent, though not wholly, on the expectation that the defendant would comply with the laws relating to the operation of automobiles at intersections (see G. L. [Ter. Ed.] c. 89, § 8; c. 90, §§ 14, 17), and would exercise reasonable care to avoid a collision with her automobile. *Payson* v. *Checker Taxi Co.* 262 Mass. 22, 25. *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408, 412. The trial judge could have found that the collision resulted from the persistence of the defendant in negligent operation of his automobile which the plaintiff, in the exercise of reasonable care, was not bound to foresee and guard against. *Perry* v. *Pianowski*, 296 Mass. 314, relied on by the defendant, is distinguishable.

*Order dismissing report affirmed.*

---

MEMORANDUM.

On November 10, 1937, the Honorable LOUIS SHERBURNE Cox, a Judge of the Superior Court, was appointed a Justice of this court; on that day he first sat with the court at the sitting in Boston.