Riley, J.
The defendant in this action of tort claims to be aggrieved by the rulings and refusals to rule of the trial judge who made a finding for the plaintiff. The action arises out of a collision between a motor vehicle operated by the plaintiff and one operated by the defendant at the intersection of two public ways in the city of Springfield in this Commonwealth. Contributory negligence of the plaintiff is set up in the defendant’s answer.
There was evidence tending to prove that the defendant, who was driving an automobile west on Taylor Street, had brought the automobile she was operating to a stop at the traffic stop sign and had remained stopped for an appreciable time; that the plaintiff, who was operating his automobile south on Chestnut St., collided with the defendant’s automobile while making a left turn into Taylor Street; that when the plaintiff first saw the automobile operated by the defendant it was stopped at the stop sign and remained stopped until his automobile was very close to it and then it seemed to shoot or jerk forward and the left front corner of the defendant’s automobile collided with the left rear fender of the plaintiff’s automobile. The defendant’s evidence tended to prove that she was stopped at the time of the collision on her side of the road and that the accident was caused by the plaintiff’s cutting the comer, that is, turning the corner without travelling to the right of the center of the intersection. The only testimony as to the happening of the accident was given by the operators but there was testimony as to marks and damage to both automobiles. The plaintiff, in testifying, used a chalk on a blackboard to demonstrate his testimony *280 as to the actual happening of the accident and the events immediately leading up to it; he drew on the blackboard the intersection, the position of both automobiles at the time of the collision, and the manner in which he made the left turn, and drew in two lines representing the turn he made and later changed these lines. The drawing made on the blackboard, which was reproduced in the Report, shows that both sets of lines the plaintiff drew representing the turn he made indicate that he passed to the left of the intersection of the center line of the two streets as he turned to his left from Chestnut Street into Taylor Street.
The defendant duly made the following Requests for Rulings:
1. The plaintiff cannot recover for the following reasons:
a. That the plaintiff at the time and place of the accident was guilty of negligence.
b. That the plaintiff was cutting the corner at the time of the accident.
The trial judge denied this Request as being based upon assumptions of fact not found by the court and made a special finding of fact that the automobile operated by the defendant ran into the left rear of the plaintiff’s truck as the plaintiff was making a left turn; that the defendant failed to remain stopped before entering the intersection and did not grant to the plaintiff the right of way; that the defendant was negligent and her negligence contributed as a proximate cause of the accident; and that the plaintiff was in the exercise of due care.
It has repeatedly been said that where a collision occurs between automobiles at an intersection of ways, the question of whether there has been negligence of either or both of the operators is generally one of fact. Gaines vs. Rat *281 nowsky, Mass. A. S. (1942) 615 at 619. Brightman vs. Blanchette, 307 Mass. 584, 586 and cases cited. Cohen vs. Martin, 298 Mass. 425, 427 and cases cited. No authority has been brought to our attention which takes this case out of the general rule. It follows that the defendant was not entitled to a ruling that the plaintiff could not recover on the ground of his contributory negligence. See Cohen vs. Martin, 298 Mass. 425.
Neither was the defendant entitled to this ruling on the ground that the plaintiff was cutting the corner, which is a common expression for violation of that portion of Chap. 90 Sec. 14, which requires a person turning to his left at an intersection to pass to the right of the intersection of the center lines of the intersecting ways. As was said in Clay vs. Pope & Cottle Co., 273 Mass. 40 at Page 44, “Whether violations of these statutes regulating the operation of motor vehicles on the public ways contributed to the accident as a cause, or were only attending circumstances, and whether the plaintiff was wanting in due care or was guilty of contributory negligence . . . were questions of fact.”
In the case at bar we think the trial judge could have found that the plaintiff’s cutting the corner was. merely an attending circumstance and not a contributory cause of the accident. He could have found that the defendant’s automobile was stopped at the stop sign when the plaintiff made the turn into Taylor Street and remained stopped until the plaintiff’s automobile was very close to it when it shot forward and struck the left rear fender of the plaintiff’s automobile when it had practically passed the defendant’s car. He could have found that the collision was caused by the negligent operation of the defendant’s automobile which the plaintiff in the exercise of reasonable care was not bound to foresee and guard against. Cohen vs. Martin, 298 Mass. 425, 427.
*282 We do not understand that the defendant seriously contends that she was entitled, as matter of law, to a finding in her favor on the ground that the plaintiff was cutting the corner at the time of the accident. Her chief contention is that the trial judge erred in denying specification B of her Bequest as being based upon assumptions of fact not found by the court and in not following the requirements of Buie 27 of the District Courts (1940) in stating the facts found upon which his refusal was based. It is true that the judge made no special finding of fact in reference to the manner in which the plaintiff was proceeding around the corner at the time of the accident. It is also true that upon the evidence recited in the Beport, including the chalk made by the plaintiff, the evidence did not warrant a finding that the plaintiff was not cutting the corner at the time of the accident. The plaintiff was bound by his own testimony when there was, as in this case, no other evidence more favorable to him. Sooserian vs. Clark, 287 Mass. 65. The trial judge should have made a more definite finding in reference to this feature of the case in view of his disposing of the Bequest on the ground that it was based on assumptions of fact not found by him. However, as we have pointed out, it was not fatal to the plaintiff’s case even if he were cutting the corner as alleged and the trial judge was still warranted in finding for him upon all the evidence.
His special finding of fact is sufficiently full to indicate that the accident was caused solely by the defendant’s negligence in the court’s judgment and was warranted, and the specific finding that the plaintiff was in the exercise of due care was also warranted upon all the evidence, even though the plaintiff was violating the provisions of Chap. 90, Sec. 14. While it might be said that the trial judge erred in the manner in which he dealt with the defendant’s Bequest and *283 in performing his duties as set out in Rule 27 of the District Courts (1940), we do not feel, upon a review of the whole case, that there was any error of law on the part of the trial judge that erroneously affected his decision. As we have before stated, the defendant was not entitled to a ruling that the plaintiff could not recover on either of the grounds specified in her Bequest. No correct, pertinent ruling of law was refused. In this respect the case differs from Barry vs. Sparks, 306 Mass. 80, Home Savings Bank vs. Savransky, 307 Mass. 601, and Bern vs. Boston Consolidated Gas Co., Mass. A. S. (1942) 153. The most that can be said is that the Bequest was refused for an improper reason. The result of the case did not depend upon the refusal to rule and the ruling implied in such refusal. Strong vs. Haverhill Electric Co., 299 Mass. 455.
The Beport, therefore, is ordered dismissed.