MUIR BROTHERS COMPANY *vs.* SAWYER CONSTRUCTION CO.

Suffolk.    November 7, 1951. — February 27, 1952.

Present: QUA, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Contract*, Construction, Building contract. *Damages*, For breach of contract. *Practice, Civil*, Appellate Division: what questions open; Findings by judge; Question of law or fact. *Words*, "Approximately."

In an action in a District Court in which subsidiary findings by the judge were sufficient to demonstrate whether the general finding was reached by the application of correct principles of law, a claim of report from the general finding raised the question of law whether it was permissible on the subsidiary findings.

"Approximately," when used in a contract to qualify price, meant a reasonable approximation to the price specified which would not render the contract too indefinite to enforce.

In an action for labor and materials which the plaintiff agreed to furnish to the defendant for "approximately $900 or.$1,000," the judge rightly refused to rule that the plaintiff was not entitled to recover more than $1,000, but a finding for the plaintiff in the amount of $1,454 was excessive as matter of law.

In an action for labor and materials furnished for "approximately" a certain sum, the determination of the precise sum due within permissible limits was a question of fact.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated December 6, 1950.

The action was heard by *Adlow*, J.

In this court the case was submitted on briefs.

*J. G. Bryer*, for the defendant.

*N. M. Hussey*, for the plaintiff.

SPALDING, J.    On April 29, 1949, the plaintiff as a subcontractor entered into a contract with the defendant corporation for plastering in connection with the construction of an addition to the Newton-Wellesley Hospital which the defendant had undertaken as general contractor. In this action of contract the plaintiff seeks to recover on an account annexed for labor and materials furnished to the de-

fendant. There was a finding for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed.

The report discloses the following: Of the items contained in the account annexed only one, item 14, is in dispute. This was a charge for extra work and material which arose in these circumstances. While the work was in progress it was found necessary to lower the ceilings in some of the rooms so that exposed pipes would be covered with laths and plaster. At a conference held on November 29, 1949, a representative of the plaintiff stated that this work should be paid for as an extra. The representatives of the plaintiff and the defendant then entered into an oral agreement, the terms of which are in dispute. The defendant's version was that the "work should be done at a cost of the labor and materials, not to exceed $1,000." The plaintiff's evidence was that it was to be done at a cost of "approximately $900 or $1,000." The judge in substance adopted the plaintiff's version, and found that the plaintiff undertook to do the work for "an approximate figure of $1,000" but did not agree that the price would not exceed that amount. He also found that the defendant had waived article 17 of the written agreement which provided that there could be no departures from the written agreement unless "upon a written order signed by a properly authorized officer or agent" of the defendant.

The plaintiff performed the work in question and submitted a bill to the defendant in the amount of $1,759.38. The judge found for the plaintiff in the sum of $1,454. The defendant concedes that it ordered the work in question. It further concedes that $1,000 was due, and it appears that this sum has been paid to the plaintiff. The sole question in issue is whether the judge erred in finding for the plaintiff in the amount of $1,454. That question is raised by the defendant's claim of report of the "court's findings," which we interpret as challenging the general finding as well as the specific findings. Ordinarily the question of the correctness of a general finding or decision cannot be raised by an

exception or claim of report. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 167. *Barton* v. *Cambridge,* 318 Mass. 420, 424. The reason is that exceptions or claims of report lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented. "Where, however, all material subsidiary facts have been found or are agreed . . . the separation of the questions of fact and of law involved in a general finding based thereon has been largely made and a motion or a request for a specific ruling of law would serve little purpose. In such a case an exception to [or claim of report from] a general finding brings before us the question of law whether it was permissible on the subsidiary facts established." *Leshefsky* v. *American Employers' Ins. Co., supra,* at page 167. That is the case here. The subsidiary findings are sufficient to demonstrate whether the ultimate finding for the plaintiff in the sum of $1,454 was arrived at by the application of correct principles of law.

We are of opinion that this finding cannot stand. Despite the judge's finding that the plaintiff had "expressed an approximate figure of $1,000" the agreement must be taken as an undertaking to furnish the labor and materials for "approximately $900 or $1,000," as the plaintiff's representative testified. There was no evidence more favorable to the plaintiff than this and it is bound by it. *Cohen* v. *Martin,* 298 Mass. 425, 427. *Perry* v. *Hanover,* 314 Mass. 167, 170. *Moskow* v. *Smith,* 318 Mass. 76, 78. Obviously, by employing the words "approximately $900 or $1,000" the parties did not contemplate that the work was to be performed for a precise sum. The judge rightly refused to rule that recovery be limited to $1,000. Some latitude was to be expected, but not so much as to render the contract too indefinite for enforcement. *Safford* v. *Lowell,* 255 Mass. 220, 226. *Nickel* v. *Zeitz,* 258 Mass. 282, 286. Expressions such as "about," "more or less," and "approximately" in qualifying quantity, price, and the like are often used in con-

tracts and they have generally been held to mean a reasonable approximation to the quantity or price specified. *Cabot* v. *Winsor*, 1 Allen, 546, 550–551. *Freeman* v. *Hedrington*, 204 Mass. 238, 240. *National Wholesale Grocery Co. Inc.* v. *Mann*, 251 Mass. 238, 249. *Safford* v. *Lowell*, 255 Mass. 220, 226. *Nickel* v. *Zeitz*, 258 Mass. 282, 286. In the case at bar the amount of $1,454 found by the judge cannot fairly be said to be "approximately $900 or $1,000," and was excessive as matter of law. In its brief the defendant has asked us to fix the amount. This we decline to do. Essentially the question is one of fact to be determined by the trial judge, within the legal limits discussed above, in the light of all the evidence. We hold only that, in awarding damages which were 45% more than the highest sum specified by the parties, the judge exceeded those limits.

> *Order dismissing report reversed.*
> *Finding for the plaintiff vacated.*
> *Case to stand for further hearing in the Municipal Court on the issue of damages.*