*Municipal Court of the City of Boston*

No. 481296

**JULIA CYR**

v.

**ANGELINA PIGNAT, ET AL**

(October 6 — November 7, 1961)

*Present:* Lewiton, J. (Presiding), Roberts & Canavan, JJ.

Case tried to *Adlow, C. J.*

*Lewiton, J.* In this action, the plaintiff seeks to recover for damage to his automobile which, while operated by her bailee, was involved in an intersection collision. The trial judge made a finding for the defendants and the only issue now before us is whether he committed error in denying the plaintiff's requests for rulings that the plaintiff was entitled as matter of law to a finding in her favor.

For the purposes of this opinion, it can be assumed that the plaintiff was entitled to recover if any negligence of the operator of the other car involved in the accident contributed

to it, regardless of whether the operator of the plaintiff's vehicle was also negligent. *Nash v. Lang,* 268 Mass. 407.

The applicability of this rule to the instant case was recognized by the trial judge, who allowed a requested ruling to that effect. Even in a case of this type, however, the burden of proof remains on the plaintiff to establish by a preponderance of the evidence that negligence of the operator of the other vehicle contributed to the accident. *Browne v. Moran,* 300 Mass. 107, 112. Moreover, it is only in rare cases that it can be ruled as matter of law that the party having the burden of proof has sustained the burden. *Coleman v. N.Y.N.H.&.H.R.R.,* 215 Mass. 45, 47; *Winchester v. Missing,* 278 Mass. 427, 428; *Hoffman v. City of Chelsea,* 315 Mass. 54, 56.

Whether the operator of either of two vehicles colliding in an intersection was guilty of negligence contributing to the accident is usually a question of fact. From the evidence reported here, the trial judge could have found that when the operator of the Pignat (defendant) car reached and entered the intersection, he had the right of way. If that were so, that operator could have assumed that the operator of the plaintiff's car, approaching the intersection from the left, would comply with the law and would use reasonable care to avoid a collision. *Fallovallita v. Johnsyn,* 317 Mass. 153; *Shockett v. Akeson,* 310 Mass. 289; *Morton v. Dobson,* 298 Mass. 425.

While, as the trial judge ruled, the evidence warranted a finding of negligence on the part of the defendant's operator, it remained a question of fact whether he was actually negligent, and the court was not required to rule as matter of law that he was negligent. *Bresnick v. Heath*, 292 Mass. 293, 297-8.

*Report dismissed.*

Sidney M. Blumenthal of Boston, for the Plaintiff.