*Western District*

No. 189841.

## ANTONIO CIOCCA

v.

## SIDNEY KANOWITZ and HELEN KANOWITZ

Argued: April 18, 1968  Decided: May 10, 1968

*Present:* Garvey, P. J., Moore, J. and Allen, J.

Tried to: *Sloan, J.* in the District Court of Springfield. #189841

*Garvey, P. J.* In this action of contract for labor and materials there was a finding for the plaintiff and the defendants claimed a report.[1]

In the spring of 1965 the plaintiff, a builder and the male defendant (Kanowitz), a physician, began talks in reference to the plaintiff building a summer cottage for Kanowitz in Suffield, Connecticut. There were sketches and plans prepared and further discussions amongst the parties and others. At all of these meetings

---

[1] In a cross action in which Kanowitz sought damages for alleged breach of contract there was a finding for the defendant.

Kanowitz made known his desire to limit the cost of the cottage to $13,000.00. The plaintiff testified he undertook the building of the cottage at the cost of labor and materials without profit to himself because Kanowitz was his family physician.

As the work progressed Kanowitz made two payments, $5,000.00 on June 7, 1965 and $5,000.00 on July 7, 1965. At a later date — the report does not state when — and before the building was completed the plaintiff notified Kanowitz that he had expended up to that time, $15,578.26 for labor and materials. Kanowitz testified he was shocked to learn that the cost was exceeding $13,000.00 and refused to pay the plaintiff any more money. The plaintiff then stopped working. There was evidence that Kanowitz thereafter expended $4,150.00 to complete the work.

On the above summary and other evidence the trial justice made the following special findings of fact.

"I find that the parties entered into an agreement, partly in writing and partly oral, whereby Ciocca hereafter referred to as contractor agreed to build a house for the Kanowitz' hereafter referred to as the owners. I find that the contractor agreed to build the house at cost of labor and materials. *I find that there was no definite agreement as to the exact price of building the house, though the contractor and owners did expect it to be about $13,000.00.*

(Emphasis supplied) I find that the contractor did honestly and in good faith furnish labor and materials at a cost of $15,578.26. I find that costs of $15,578.26 to be fair and reasonable. I find that the owners paid the contractor the sum of $10,000.00 and that the owners owe the contractor the sum of $5,578.26. I find that the contractor in good faith substantially performed the contract and stopped work when he was not paid for labor and materials in excess of $10,000.00. I find that the owners completed the house and had other work done for the sum of $4,150.00.

"I find that the fair value of the house, not inclusive of the land as completed is $19,000.-00."

Because of the trial judge's specific finding: "I find that there was no definite agreement as to the exact price of building the house, though the contractor and owners did *expect* it to be about $13,000.00", we are of opinion that the award of damages in the amount of $5,578.26 was not warranted and that there must be a new trial. We do not consider other claims of error.

In *Muir Brothers Co.* v. *Sawyer Construction Co.*, 328 Mass. 413, by oral contract the plaintiff was engaged by the defendant to do subcontract work for it in a hospital it was erecting. "The defendant's version was that the 'work should be done at a cost of labor and materials, not to exceed $1000.00'." "The

plaintiff's evidence was that it was to be done at a cost of 'approximately $900.00 or $1000.-00'." The plaintiff performed the work and submitted a bill for $1759.38. The trial judge awarded damages in the amount of $1454.00. The court at pages 415-416 said,

"We are of opinion that this finding cannot stand. Despite the judge's finding that the plaintiff had 'expressed an approximate figure of $1,000' the agreement must be taken as an undertaking to furnish the labor and materials for 'approximately $900. or $1000.' as the plaintiffs' representative testified. There was no evidence more favorable to the plaintiff than this and it is bound by it. Obviously, by employing the words 'approximately $900. or $1,000.' the parties did not contemplate that the work was to be performed for a precise sum. The judge rightly refused to rule that recovery be limited to $1,000. Some latitude was to be expected, but not so much as to render the contract too indefinite for enforcement. Expressions such as 'about', 'more or less', and 'approximately' in qualifying quantity, price, and the like are often used in contracts and they have generally been held to mean a reasonable approximation to the quantity or price specified. In the case at bar the amount of $1,454. found by the judge cannot fairly be said to be "approximately

$900. or $1,000.' and was excessive as a matter of law. . . . We hold only that in awarding damages which were 45% more than the highest sum specified by the parties, the judge exceeded those limits."

We discern no legal difference, on the facts in the case under consideration, between the use by the parties of the word "expect" and the use of the word "approximately" by the parties in the Muir Brothers case. Here the parties expected $13,000. to be a reasonable approximation of the cost of labor and materials in building the cottage. The total cost as found by the trial judge was $19,728.26, slightly in excess of 50% of the expected cost.

**The finding for the plaintiff is to be vacated and a new trial ordered.**

EFREM A. GORDON,

of Springfield for the defendant.

IRWIN I. WEITZ,

of Springfield for the plaintiff.

*Western District*