*Northern District*

No. 7085.

### JOSEPH M. LINSEY CORP.

v.

### HERBERT D. STEVENS,
and another

Argued: July 30, 1969. Decided: Sept. 23, 1969.

*Present*: Connolly, J (Presiding), Parker, Yesley, JJ.

Case tried to *Artesani, J.,* in the Third District Court of Eastern Middlesex No. 2435.

*Yesley, J. This is an action of contract* to recover upon a promissory note in the face amount of $40,000.00, of which $35,000.00 have admittedly been paid. There was a finding for the plaintiff for the balance of $5000.00 The de-

fendants claimed a report of this finding and seasonably filed a draft report (No. 1).

In the draft report it is stated:

> "At the trial the only evidence affecting the question of law presented was the introduction as an exhibit of the original of the promissory note ....... It was agreed by both parties in open Court that $35,000 had been paid by the defendants on said note."

The note was signed by both defendants and made payable to the plaintiff which endorsed it to the order of the New England Merchants National Bank.

No requests for rulings were filed by the defendants at the trial, their sole grievance being with the Court's finding "because the only evidence offered was (1) the agreed fact that $35,-000.00 had been paid, and (2) the aforesaid note which on its face shows that the plaintiff is not a holder."

Subsequently, the plaintiff filed a motion to dismiss the defendants' draft report "for failure to comply with the Rules of the District Courts" (the motion was erroneously captioned as a Motion to "Disallow" Defendant's Draft Report but the text thereof shows that it was intended as a motion to "dismiss"). After hearing, the motion was allowed. The trial justice did not specify the grounds for his action. However, since we have treated the motion as for dismissal (as have the parties) the grounds

were not required to be stated. It would be otherwise if this were actually a motion to disallow the draft report (see Rule 28 of the Rules of the District Courts). The defendants claimed a report (No. 2) of the dismissal of their draft report (No. 1). It is the later report which brings the case here.

In report No. 2 it is stated that the only ground asserted by the plaintiff in oral argument on its motion to dismiss "was the defendants' draft report (No. 1) was not founded upon a written request for a ruling".

The issue before us is whether there was error in the allowance of said motion.

■■■ In argument before this court likewise, the only ground stated by the plaintiff in support of the trial justice's action in dismissing the draft report (No. 2) was that such action was required as a matter or law by reason of the failure of the defendants to file any requests for rulings.

In the ordinary case where the facts are in dispute requests for rulings are required to perfect a right of appeal challenging the sufficiency of the evidence to warrant a general finding.

> "But where the basis for the general finding is not in dispute ..... a request for a report from the general finding ..... suffices to raise the question of law whether it was warranted." *Barton* v. *Cambridge,* 318 Mass. 420, 424. See *Muir Brothers Com-*

*pany* v. *Sawyer Construction Co.,* 328 Mass. 413, 415.

It appears from draft report No. 1 that the basis for the general finding was not in dispute, the only evidence affecting the question of law presented (by the draft report) being the promissory note and an agreement of fact that a payment of $35,000.00 was made thereon.

We have no way of knowing whether there was any other evidence presented at the trial, since the draft report (No. 1) was dismissed without ever being settled. However, based on the foregoing authorities, the defendant in any event had the right to have the appellate court determine whether requests for rulings were required to raise the question as to whether a finding for the plaintiff was warranted. The dismissal of the draft report was in error.

The rule (No. 28) allowing a trial justice to dismiss a draft report where there is a failure on the part of the party claiming the report "to comply with ..... any of (the) rules applicable to draft reports" does not justify the dismissal. The Rules do not require that requests for rulings be filed; the Draft Report model appended to Rule 28 simply requires that requests for rulings, if any are made, be inserted in the draft report.

It is ordered that the action of the trial justice in dismissing the draft report be vacated and the case is remanded to the District Court for resumption of proceedings to settle the form of said report.

176

MARSHALL D. STEIN
  for plaintiff.
MCLAUGHLIN BROTHERS and
PAUL CARBONE
  for defendant.