Turcotte, P.J.
The trialjudge shares the responsibility with the parties that a report is accurate.[1] The responsibility, however, for the content of the draft report, and when settled, the report, is solely that of the party requesting it, and it should follow generally Form 33, Dist./Mun. Cts. R. Civ. P., Rule 64 (c) *44 (2). It should set forth in clear and concise terms the questions of law sought to be reviewed and any facts essential to a full understanding of the questions presented. Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (2).
This case began with a complaint filed on February 21,1978. The city seeks to recover personal property taxes for the years 1970-1978 from the defendant. Judgment was entered for the defendant on December 22, 1980, and a draft report filed on January 2,1981. On July 1,1981 the .judge’s report was sent to the Appellate Division. The Appellate Division ordered the report recommitted to the judge for amplification because “it did not contain therein sufficient facts to enable a just and proper review.”[2] A second report was received by the Appellate Division on July 1, 1984.
The second report again sets out very few facts. It fails to state what the evidence tended to show at trial. When the briefs are considered along with the report we can see that there were few factual issues, but it appears there were issues as to ownership of the property assessed, and the statute of limitations. The city filed no requests for rulings of law and claims to be aggrieved by the decision for the defendant.
We are unable to conclude that this is a case stated where requests for rulings have no standing. Western Massachusetts Theater’s Inc. v. Liberty Mutual Insurance Co., 354 Mass. 655, 657 (1968). The report must be dismissed because it presents for review only the question of the correctness of the decision of the trial judge without setting forth rulings made by him and claimed to be in error.[3] “Ordinarily the question of the correctness of ageneral finding or decision cannot be raised by — claim of report, (citing cases). The reason is that — claims of report lie only to questions of law, and where there is a general finding, without more; fact and law are interwoven to such an extent that no question of law is presented.” Muir Brothers v. Sawyer Construction Co., 328 Mass. 413, 414 (1952).
Report dismissed.

 Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (4), requires the judge to hold a hearing unless he intends to allow the draft report as submitted.

 Dist. Mun. Cts. R. Civ P, Rule 04 (e) (4), allows the Appellate Division to recommit at any time

 See NOLAN, CIVIL PRACTICE, VOL. 9A, § 956-MASS. PRACTICE