JAMES J. NESTOR *vs.* ALBERTAS A. TEWKSBURY.

Suffolk.    April 6, 1932. — September 12, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Negligence*, Contributory, In use of way, Fire apparatus.

At the trial of an action of tort for personal injuries sustained in a collision between an automobile operated by the plaintiff and fire apparatus operated by the defendant, there was evidence that the plaintiff, on approaching an intersecting street, reduced his speed to about eight miles an hour and looked in both directions; that, when he was five to eight feet into the intersection, he saw the apparatus approaching on the intersecting street from his left about one hundred fifty yards away at fifty to sixty miles an hour, he not having heard its gong or signal; that he "stepped on the gas and shot across" the intersecting street, coming almost to a stop at the curbing on the further side; and that just as he was coming to a stop the left rear wheel of his automobile was struck by the apparatus. *Held*, that the questions, whether the plaintiff violated § 7A, added to G. L. c. 89 by St. 1925, c. 306, § 2, as amended by St. 1926, c. 278; G. L. c. 89, § 7; or G. L. c. 90, § 14, as amended by St. 1925, c. 305; whether, if there were such violations, they contributed to the plaintiff's injuries; and whether the plaintiff had been guilty of contributory negligence, were for the jury.

TORT.    Writ dated August 31, 1927.

The action was tried in the Superior Court before *Gibbs*, J. Material evidence is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $1,500 was recorded. Thereafter the judge ordered entered a verdict for the defendant and reported the action for determination by this court. The defendant did not argue in this court that there was no evidence of his negligence, but contended that the violation of certain statutes by the plaintiff barred recovery.

The case was argued at the bar in April, 1932, before *Rugg*, C.J., *Crosby*, *Wait*, & *Donahue*, JJ., and afterwards was submitted on briefs to *Pierce* & *Field*, JJ.

*F. Juggins* & *P. J. Cotter*, for the plaintiff, submitted a brief.

*J. L. Hurley*, (*L. E. Duane* with him,) for the defendant.

RUGG, C.J.  This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff, while driving his automobile, through collision with an automobile owned by the town of Winthrop, used as a part of its fire apparatus for the chief of the fire department and negligently operated by the defendant.  The collision occurred in that town on the afternoon of a July day near a so called island in the triangular space where Hermon and Pauline streets, meeting nearly at right angles, form a square by conjoining with Winthrop Street which enters the square almost directly opposite Hermon Street and leaves the square in a direction somewhat as an extension of Pauline Street.  The plaintiff testified that he was driving on Pauline Street on the right hand side intending to go straight up Winthrop Street, that as he approached Hermon Street he slowed down to about eight miles an hour, that looking in both directions he was five to eight feet into the intersection when, not having heard its gong or signal, he saw the chief's automobile on his left about one hundred fifty yards down Hermon Street moving toward the square at the rate of between fifty and sixty miles an hour, that he then put his automobile in second speed and "stepped on the gas and shot across the street, bringing up at the curbing of an island in the center of the square and almost stopped," that just as he was coming to a stop the left. rear wheel of his automobile was struck by the chief's automobile.  Thus the situation confronting the plaintiff was that as he approached and went into the square there was a street almost in front of him along which he intended to go, there was a street on his right and there was a street on his left on which the automobile of the chief of the fire department was approaching on its way to a fire in response to an alarm. Its course was along Hermon Street into the intersection and into Winthrop Street in the opposite direction from that intended by the plaintiff.

It is provided by § 7A, inserted in G. L. c. 89 by St. 1925, c. 306, § 2, as amended by St. 1926, c. 278, so far as here material, that "Upon the approach of any fire apparatus

which is going to a fire or responding to an alarm, every person driving a vehicle on a way shall immediately drive said vehicle as far as possible toward the right-hand curb or side of said way and shall keep the same at a standstill until such fire apparatus has passed . . . . Violation of any provision of this section shall be punished by a fine . . . ." This statute declares a definite rule of public policy intended not only to safeguard travellers upon ways but to secure the speedy presence at fires of apparatus and men responsible for the preservation of property and of life. It is a step in advance of G. L. c. 89, § 7, which had given such apparatus a preferential right of way over other travellers and imposed a penalty for wilful and malicious obstruction. Said § 7A deals with something of an emergency and ought to be given a simple and practicable construction. A majority of the court think that it could not rightly have been ruled as matter of law that the plaintiff was violating the statute and that such violation was the proximate cause of his injuries, but that these were questions for the jury. Apparently there was no "right-hand curb or side of said way" because the plaintiff was at an intersection of streets. He was just as much on Pauline Street as on Hermon Street. The statute did not compel him to find a curb when none was there. The plaintiff might have been found to have progressed eight feet into the square in the exercise of due care before he became aware of the approach of the fire apparatus. He was then moving at the rate of eight miles an hour and was directly in the path of the fire apparatus. Whether he should stop and try to back out of the way, whether he should attempt to turn to the right and drive down on the extreme right of that street to its curb or whether he should utilize his momentum, shift into second speed in order to get quick increase of speed and progress forward out of the way were questions demanding instant decision and action. The fact that the left rear wheel of the automobile of the plaintiff was struck shows that he was almost out of danger and out of the way of the fire apparatus. If he had tried to reach the curb on the street to his right he would have

been turning directly across the course of the fire apparatus. To stop, reverse and back would take appreciable time. The jury as practical men might have found under appropriate instructions that the plaintiff pursued the best course and that the circumstances did not require the conclusion that he violated the statute.

The reasons already stated show that whether the plaintiff violated G. L. c. 89, § 7, in not observing the superior right of way of the fire apparatus, or G. L. c. 90, § 14, as amended by St. 1925, c. 305, as to approaching an intersecting way, were questions of fact to be settled by the jury and could not have been ruled adversely to the plaintiff as matter of law.

The circumstances disclosed by the evidence and hitherto summarized also required, in the opinion of a majority of the court, the submission to the jury of the question of the due care or contributory negligence of the plaintiff.

In accordance with the terms of the report, the verdict entered for the defendant by order of the trial judge under leave reserved pursuant to G. L. c. 231, § 120, is set aside, the verdict of the jury as first returned is to stand and judgment is to be entered for the plaintiff on that verdict.

*So ordered.*