MYRA H. PERRY *vs.* PETER PIANOWSKI.

WILLIAM PERRY *vs.* SAME.

Worcester. November 12, 1936. — December 29, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Negligence,* Motor vehicle, In use of way. *Proximate Cause.*

A finding of negligence of the driver of an automobile was warranted by evidence that, as he slowly entered an intersecting way and turned to his left therein, another automobile, travelling much more rapidly toward him from his right, struck the right rear part of his automobile, swerved across the way and collided with a third automobile approaching from the opposite direction; and such negligence properly could be found to have been the proximate cause of the collision between the second and third automobiles.

TWO ACTIONS OF TORT. Writs in the Superior Court dated August 21, 1933.

The actions were tried together before *Broadhurst,* J. There were verdicts for the plaintiffs in the sums, respectively, of $5,975 and $750. The defendant alleged exceptions.

*F. T. Mullin,* (*H. C. Walsh* with him,) for the defendant.

*A. T. Saunders,* for the plaintiffs.

PIERCE, J.   These are actions of tort, arising out of an automobile accident which occurred on Grafton Street in Worcester, Massachusetts.   The plaintiff in the first case (who will herein be referred to as the plaintiff) seeks to recover damages for personal injuries, and her husband, the plaintiff in the second case, seeks to recover consequential damages incurred by reason of his wife's injuries, and for property damage.   In each declaration the plaintiff alleges negligence on the part of the defendant in the operation of his motor vehicle at the time of the accident.

At the conclusion of the plaintiffs' cases and after the plaintiffs had rested, the defendant rested, in each case, and filed a motion that a verdict be directed in his favor. The trial judge denied these motions and submitted both cases to the jury.   The defendant excepted to the refusal of the judge to direct verdicts for the defendant.   It inferentially appears in the bill of exceptions, and is directly stated in the briefs of the plaintiffs and of the defendant, that the instant cases were tried to a jury with cases by the same plaintiffs, arising out of the same accident, against one Sapeilo, hereinafter referred to.   The jury returned a verdict for the plaintiff in each case.

All the evidence material to the issues raised by the bill of exceptions is printed in the record, and in its aspect most favorable to the plaintiffs is as follows:  Grafton Street in Worcester runs southerly to Grafton.  Caspar Street enters it but does not cross.  The plaintiffs, on August 27, 1932, were riding in an automobile on the right hand side of Grafton Street, and the automobile was travelling at the rate of fifteen miles an hour in the direction of Grafton.   As it approached the corner of the two streets, and was distant about seventy-five feet therefrom, an automobile driven by the defendant was on the right hand side of Caspar Street about thirty-five or forty feet back from the corner, and was approaching Grafton Street.  The speed of the defendant's automobile was slackened, or its gears shifted, as it made a left turn into Grafton Street. When the turn was made the automobile was on the right hand side of Grafton Street, facing north, and the plain-

tiffs' automobile was on the right hand side facing south. While the defendant's automobile was coming out of Caspar Street to cross to its right hand side of Grafton Street an automobile, driven by one Sapeilo, was seen by the plaintiffs about two hundred feet south of Caspar Street, coming north on Grafton Street. This automobile was then approaching Caspar Street, and was travelling at the rate of thirty to forty-five miles an hour. The defendant's automobile, as it made the left turn into Grafton Street from Caspar Street, was going at the rate of about twelve miles an hour. When Sapeilo's automobile was about fifty feet away from the defendant's automobile, it was going thirty miles an hour on its own side in the center right lane. When it was less than fifty feet from the defendant's automobile it turned to its right and its left front struck the right rear part of the defendant's automobile. The Sapeilo automobile then made a left arc, circled across the street and struck the left center of the plaintiffs' automobile, causing the injury to the plaintiff for which her action is brought. It was in evidence, without exception by the defendant, that the plaintiff, before the trial, had said in a written statement (which was introduced in evidence) that "A car was coming out of Caspar Street, travelling very fast. A machine which had been proceeding toward Worcester . . . on the same road we were on struck the rear right of the car — glanced off and came over to his left side of the road and struck our car on the left side. I did not hear either car blow any horn. As soon as I saw the car come out of the side street I said 'Oh look at that fellow — they're going to hit.' I can't say just how fast the car going towards Worcester was travelling. In my opinion the man who came out of the side street was at fault in this accident."

On the above evidence the jury could have found as a fact that the defendant, had he looked south on Grafton Street, would have seen, as the plaintiffs saw, the automobile of Sapeilo two hundred feet distant, approaching upon his right, at the rate of thirty to forty-five miles an hour, and that, so seeing him, it was negligent for the

defendant to attempt to cross Grafton Street in front of the approaching automobile. The jury were also warranted in finding on the above facts, if found, that the defendant's negligence was the proximate cause of the collision between his automobile and Sapeilo's, which caused Sapeilo's automobile to swerve to the left and run into the automobile in which the plaintiffs were riding. The fact that the defendant's automobile did not collide with the plaintiffs' is immaterial, because the jury would be warranted in finding that the accident (the collision of the plaintiffs' automobile with Sapeilo's automobile) was the result, in whole or in part, of the defendant's negligence. *White* v. *Calcutt*, 269 Mass. 252, 255. The defendant makes no contention that the plaintiffs were not in the exercise of due care.

*Exceptions overruled.*