JOHN FOLEY *vs.* SIDNEY KIBRICK & another.[1]

Suffolk. May 18, 1981. — August 27, 1981.

Present: GREANEY, ROSE, & DREBEN, JJ.

*Practice, Civil,* Directed verdict. *Negligence,* Motor vehicle, Contributory. *Proximate Cause. Actionable Tort. Police,* Negligence.

In an action by a police officer for personal injuries sustained when the police cruiser in which he was a passenger collided with an automobile operated by the defendant, evidence that the defendant had heard the cruiser's siren for two seconds before the collison and that, immediately preceding the collision, the defendant's automobile was traveling at approximately twenty miles per hour was sufficient to warrant a finding that the defendant had adequate time and warning to stop or divert his vehicle and thereby avoid the collision [384]

In an action by a police officer for personal injuries sustained when the police cruiser in which he was a passenger collided with an automobile operated by the defendant, the question whether the plaintiff was contributorily negligent in failing to observe the defendant's vehicle and warn the driver of the cruiser of its approach was a factual issue to be resolved by the jury. [384-385]

In an action to recover for injuries sustained in an automobile accident, there was sufficient evidence to warrant a finding that the plaintiff's injuries resulted from the accident, and to support the jury's award of $200,000. [385-386]

A police officer was not immune from liability for negligence which resulted in injuries to a fellow officer by the provisions of G. L. c. 41 under which the city was obligated to pay the injured officer for leave with full pay and for hospital and medical expenses; there is nothing in c. 41 which is analogous to the waivers and immunities extended in c. 152, the Workmen's Compensation Act. [386-388]

TORT. Writ in the Superior Court dated July 12, 1972. The action was tried before *Doerfer*, J.

*Daniel J. Donovan* for Sidney Kibrick.

[1] Edward Berg, third-party defendant.

*Kevin P. Phillips* (*Frank J. McGee* with him) for the plaintiff.

*Howard P. Speicher*, Assistant Corporation Counsel, for Edward Berg.

ROSE, J. The plaintiff, John Foley, a Boston police officer, brought a negligence action against the defendant Kibrick for personal injuries sustained when the police cruiser in which the plaintiff was a passenger collided with a motor vehicle operated by the defendant. Thereafter, the defendant brought a third-party complaint against Officer Edward Berg, the operator of the police cruiser at the time of the accident, claiming that the plaintiff's injuries were caused by Berg's negligence and claiming a right of contribution under G. L. c. 231B, § 1(a), toward part or all of the judgment. At the close of the plaintiff's evidence both the defendant and Berg filed motions for directed verdicts, which were denied. Following a jury verdict in favor of Foley in the amount of $200,000 in the case of *Foley* v. *Kibrick* and a verdict in favor of Kibrick in the same amount in the case of *Kibrick* v. *Berg*, both Kibrick's and Berg's motions for judgment notwithstanding the verdict and for a new trial were denied. Kibrick and Berg appeal.

The accident occurred at the intersection of Blue Hill Avenue and Morton Street in that part of Boston known as Mattapan at approximately 7:45 P.M. on August 10, 1970. Officers Berg and Foley, responding to an emergency call, were traveling in a northerly direction on Blue Hill Avenue. The cruiser's siren was sounding and its dome lights flashing as it approached the intersection of Morton Street upon which defendant Kibrick was traveling in an easterly direction. According to the officers' testimony, Berg brought the cruiser to a stop at the red traffic light facing them before proceeding through the intersection. They also testified that neither officer saw the Kibrick vehicle until the cruiser collided with its right rear portion. Defendant Kibrick testified that he heard the siren for two seconds before the cruiser, proceeding at a speed of between fifty and sixty

miles per hour, collided with his vehicle. Janet Mac-Donald, a passenger in the Kibrick car, testified similarly.

1. *The defendant Kibrick's appeal.* The defendant argues first that since there was no evidence of his negligence, the judge erred in denying his motions for a directed verdict and for judgment notwithstanding the verdict. There was no error. The test to be applied in determining whether the judge should grant a directed verdict in favor of the defendant is whether "upon any reasonable view of the evidence, there is found a combination of facts from which a rational inference may be drawn in favor of the plaintiffs." *Alholm* v. *Wareham,* 371 Mass. 621, 627 (1976), quoting *Chase* v. *Roy,* 363 Mass. 402, 404 (1973). There was sufficient evidence for the jury to find in favor of the plaintiff. During the presentation of the plaintiff's case, the defendant testified that he heard the cruiser's siren for two seconds before the collision and that, immediately preceding the collision, he was traveling at approximately twenty miles per hour. The jury could have found that the defendant had sufficient time and warning to stop or divert his vehicle and thereby avoid the collision. Whether such behavior is negligent is a question of fact for the jury. *Nestor* v. *Tewksbury,* 280 Mass. 199, 201 (1932). *Perry* v. *Pianowski,* 296 Mass. 314, 316 (1936). *Brightman* v. *Blanchette,* 307 Mass. 584, 587 (1940). *Feltch* v. *General Rental Co.,* 383 Mass. 603, 611 (1981). See also *Alholm* v. *Wareham, supra* at 630-631. The judge, therefore, properly denied the defendant's motion for a directed verdict and, as the same standards apply, the judge properly denied the defendant's motion for judgment notwithstanding the verdict. *D'Annolfo* v. *Stoneham Housing Authy.,* 375 Mass. 650, 657 (1978). *O'Shaughnessy* v. *Besse,* 7 Mass. App. Ct. 727, 728-729 (1979).

The defendant also contends that the judge erred in failing to grant his motion for a directed verdict because the plaintiff, in failing to observe the Kibrick vehicle and to warn Berg of its approach, was contributorily negligent as a matter of law. Under G. L. c. 231, § 85, as in effect at the

time of the accident, a plaintiff could not recover if his own negligence contributed to cause the injury. The defendant does not argue that the judge improperly charged the jury on the issue of contributory negligence but asserts that because the plaintiff was assigned the duty, as a passenger in the police cruiser, to observe "that which Officer Berg would not observe in the course of his operation of the car," the plaintiff's failure to observe the Kibrick vehicle was negligent as a matter of law. The judge properly submitted the issue to the jury. Reversing the lower court's entry of a verdict on leave reserved, the court in *Neil* v. *Holyoke St. Ry.,* 329 Mass. 578 (1952), ruled that the plaintiff's contributory negligence presented an issue for the jury. In that case, the plaintiff police officer, while responding to an emergency call, failed to stop at a red signal light in violation of a statute authorizing a police officer or fire official to proceed with caution through an intersection, contrary to any traffic signal, if he first brings the vehicle to a full stop. Whether Foley's failure to observe the Kibrick vehicle amounted to contributory negligence presents similar factual issues properly resolved by a jury. See also *Harlow* v. *Corcoran,* 290 Mass. 289, 293 (1935); *Gaines* v. *Ratnowsky,* 311 Mass. 254, 258-259 (1942).

Finally, the defendant contends that the plaintiff failed to prove that his back and eye injuries were proximately caused by the defendant's negligence. The defendant correctly states that where the causation between an accident and the resulting physical or psychological ramifications is not a matter of common knowledge, the proof must rest on expert medical testimony. *Sevigny's Case,* 337 Mass. 747, 749 (1958). *Casey's Case,* 348 Mass. 572, 574 (1964). *Hale's Case,* 4 Mass. App. Ct. 769 (1976). The defendant argues, in effect, that because the expert who testified concerning the cause of the plaintiff's diplopia (double vision) was unaware that the plaintiff suffered from a similar condition before the collision, the expert's testimony linking the injury to the collision was speculative. Upon learning of the plaintiff's preexisting condition, the medical expert testified

that the collision aggravated the condition.[2] The jury may have rejected the plaintiff's testimony relating to his claimed back injury but were warranted in finding that the plaintiff was rendered "legally blind" as a result of the accident.[3] See *Tassinari's Case*, 9 Mass. App. Ct. 683, 685 (1980). Under these circumstances, we cannot say that the award of $200,000 was excessive.

As the verdict was not against the weight of the evidence, the judge properly denied the defendant's motion for a new trial. See *Brown* v. *Metropolitan Transit Authy.*, 345 Mass. 636, 640 (1963); *Borras* v. *Sea-Land Serv., Inc.*, 586 F.2d 881, 886-887 (1st Cir. 1978).

2. *The third-party defendant's appeal.* Third party defendant Berg argues that the judge erred in denying his motion for judgment notwithstanding the verdict because he is immune from liability as a matter of law. His argument may be summarized as follows. Since he and Foley were in the common employment of the city of Boston, and the city was obligated to pay Foley pursuant to G. L. c. 41, §§ 100 and 111F, for leave with full pay and for hospital and medical expenses, Foley has received what is equivalent to "workmen's compensation" from the city and has, therefore, given up his right to recover damages caused by the negligent acts of a fellow employee. Citing *Liberty Mut. Ins. Co.* v. *Westerlind*, 374 Mass. 524 (1978), he argues further that there was no express or implied contract of indemnity or special relationship between the city and Kibrick giving rise to an obligation to idemnify. He claims, therefore, that Kibrick cannot derivatively enforce Berg's liabili-

---

[2] The jury were fully apprised of the plaintiff's previous back injuries, and the defendant does not complain that the judge failed to give appropriate limiting instructions regarding the jury's consideration of hospital records relating to those injuries.

[3] The defendant argues for the first time on appeal that the plaintiff did not plead that his eye injury was a result of the collision. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Mass.R.Civ.P. 15(b), 365 Mass. 761 (1954). See Smith & Zobel, Rules Practice, § 15.6, at 443 (1974).

ty against Foley. In essence, Berg urges us to read into G. L. c. 41, §§ 100, 100A, 100J, and 111A-111L, as in effect prior to the enactment of St. 1977, c. 646, providing for leave with full pay and for hospital and medical expenses for certain incapacitated police officers and firefighters, the express waivers and immunities from liability extended in G. L. c. 152, the Workmen's Compensation Act, and cases interpreting that Act.

Although this court and the Supreme Judicial Court have, in recent cases interpreting the meaning of various provisions of G. L. c. 41, looked to analogous provisions in G. L. c. 152 for guidance, we decline to extend the analogy as far as the defendant urges. In *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659 (1975), the court interpreted the meaning of the phrase "injury sustained in the performance of his duty without fault of his own," found in G. L. c. 41, § 111F, by looking to the analogous phrase "arising out of and in the course of his employment" contained in G. L. c. 152, § 26. Similarly, in *DiGloria* v. *Chief of Police of Methuen*, 8 Mass. App. Ct. 506 (1979), the court looked to the analogous provision in the Workmen's Compensation Act for guidance in interpreting the phrase "without fault of his own" found in G. L. c. 41, § 111F. The case at bar, however, presents a different situation. The express waivers and immunities extended in G. L. c. 152 are simply not present in the statutory scheme providing some measure of compensation to an incapacitated police officer or firefighter found in G. L. c. 41. We note in this regard that while the Workmen's Compensation Act provides such special forms of compensation as payment for loss of vision (§ 36); payment for continuing partial disability (§ 35); and payment for future medical expenses (§ 30), recovery under G. L. c. 41, §§ 100 and 111F, is limited to payment of wages and present medical expenses. The abrogation of an employee's common law rights against an employer is a specific statutory quid pro quo created by G. L. c. 152, § 24. Since no such comprehensive and exclusive recovery is provided for firefighters or police officers by G. L. c. 41

and there is no analogous provision to G. L. c. 152, § 24, in G. L. c. 41, we are constrained to conclude that a fellow employee under G. L. c. 41 is not immune from tort liability. Conflicting policy considerations lie behind the waivers and immunities extended by G. L. c. 152. It is not our place to extend such immunity where the Legislature has chosen not to do so. *Liberty Mut. Ins. Co.* v. *Westerlind, supra* at 527

The defendant argues that if we conclude, as we do, that third-party plaintiff *Kibrick* may maintain his suit against Berg, the jury verdict should be reduced by the amount Foley has already received from the city as compensation under G. L. c. 41. We do not reach the issue because it was not properly raised below, Berg having confined his argument there to the issue of immunity from liability. *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86 (1977); *S. Kemble Fischer Realty Trust* v. *Board of Appeals of Concord,* 9 Mass. App. Ct. 477 (1980). The defendant's motions, therefore, were properly denied.

*Judgment affirmed.*