JOHN ALLEN *vs.* BOARD OF SELECTMEN OF WEYMOUTH & others.[1] May 6, 1983. John Allen, a police sergeant, was seriously injured in his own automobile, without fault on his part, while returning by "the most direct route known to him" from the courthouse in Stoughton to his house in Weymouth. He had gone on his day off to the courthouse, at the direction of his superiors, to testify in a criminal matter which he had investigated in line of his police duty. The applicable collective bargaining agreement provided that for such services he would receive pay for a minimum of four hours plus travel expenses. He sought declaratory relief in the Superior Court concerning his right to pay during a disability leave under G. L. c. 41, § 111F.

The trial judge found essentially the facts recited above. He ruled, however, that, because all three factors enumerated in *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 664-666 (1975), were not present in this case, Sergeant Allen was not entitled to receive regular compensation. Sergeant Allen appealed.

Whether an injury is "sustained in the performance of . . . [a police officer's] duty" under G. L. c. 41, § 111F, as appearing in St. 1964, c. 149, is generally interpreted by reference to the types of activity covered by analogous language in G. L. c. 152 (the Workmen's Compensation Act), especially § 26. See the *Wormstead* case, 366 Mass. at 663-664 & n.5; *DiGloria* v. *Chief of Police of Methuen,* 8 Mass. App. Ct. 506, 511-512 (1979). Compare *Foley* v. *Kibrick,* 12 Mass. App. Ct. 382, 386-388 (1981). We think that the trial judge took too rigid a view of the factors listed in the *Wormstead* case, 366 Mass. at 664-666. Whether Sergeant Allen's accident occurred "in the performance of his duties," under the principles of the *Wormstead* case (at 664) is to be determined on the basis of his "employment in all of its aspects," including the "nature, conditions, obligations or incidents of the employment." *Swasey's Case,* 8 Mass. App. Ct. 489, 493-494 (1979), quoting *Papanastassiou's Case,* 362 Mass. 91, 93 (1972). Here, Sergeant Allen was dispatched on a special mission by his employer. The activity, in the course of which the accident occurred, was a part of Sergeant Allen's employment which accrued to his employer's benefit. See *Abshire* v. *Rockland,* 388 A.2d 512, 513-515 (Me.

---

[1] The town treasurer and the chief of police.

Rescript Opinions.

1978). Sergeant Allen's "homeward bound trip could be found to have been an essential part of his mission." See *Caron's Case,* 351 Mass. 406, 410 (1966). See also *Hayes* v. *Lumbermens Mut. Cas. Co.,* 310 Mass. 81, 82-84 (1941); *Edens* v. *New Mexico Health & Social Servs. Dept.,* 89 N.M. 60, 61-63 (1976); 1 Larson, Workmen's Compensation § 16.10 (1982); Locke, Workmen's Compensation §§ 104, 261-265 (2d ed. 1981).

The defendants contend that, because Sergeant Allen was free (on his day off) to go wherever he pleased upon leaving the courthouse, a ruling in his favor would compensate him for an injury sustained while not on duty. The trial judge found that Sergeant Allen was on his way home by a reasonably direct route when the accident occurred. In the circumstances, until he reached home he had not completed the mission which required him to leave home on a day when he otherwise was not required to be on duty. Use of his own vehicle was clearly authorized as is shown by the circumstance that he was to be reimbursed for travel expense. If Sergeant Allen had deviated significantly on his journey to his house, or had gone off from the courthouse on his own affairs, a different result might be required. The considerations which then would be presented are not before us.

The judgment is reversed, and a new judgment is to be entered declaring Sergeant Allen's rights in a manner consistent with this opinion.

*So ordered.*

*Gregory Francis Galvin* for the plaintiff.
*Francis L. Kelly,* Town Counsel, for the defendants.