TIMOTHY J. EGAN & another *vs.* KENNETH A. HOLDERMAN & another. No. 87-866. July 28, 1988. *Negligence,* Motor vehicle, Comparative. *Practice, Civil,* Instructions to jury, New trial. *Damages,* Tort.

Two hours before daybreak on June 6, 1980, a truck operated by the defendant Holderman, proceeding at lawful speed and in its proper (eastbound) lane, collided head on with a westbound passenger car which had meandered into the eastbound lane. Timothy J. Egan, claiming to be a passenger in the car, obtained a verdict of $1,000,000 on account of injuries sustained in the accident, and his wife obtained a verdict of $250,000 on account of loss of consortium. The theory of their successful negligence action is that the driver of the truck failed to take evasive action and that he and his employer (the codefendant) were liable to the plaintiff, notwithstanding the considerably greater negligence of the driver of the errant car. Cf. *Foley* v. *Kibrick*, 12 Mass. App. Ct. 382, 384 (1981), and cases there cited.

1. *Jury instruction.* During the course of his charge to the jury the judge instructed: "[T]here is no dispute in this case, just so it is clear, that Timothy Egan was a passenger in the automobile and that the operator of that vehicle was Thomas Egan . . . . Both parties concur in that . . . . As I say, as far as Mr. Thomas Egan's actions are concerned, just understand that those are not imputed to Timothy Egan because he was a passenger in the vehicle

and not the operator." At the conclusion of the charge counsel for the defendants objected to the jury being told that "the defendant[s] agreed that Thomas was the driver." The trial judge inquired, "Was there any evidence to the contrary?"

All that defense counsel (not counsel on this appeal) could muster by way of response was that John Shehtic, a safety supervisor for the codefendant Red Star Express Lines of Auburn, Inc., who was riding in the truck cab when the accident happened, had testified that Timothy Egan had been thrown clear of the car and that Thomas Egan was in the passenger seat. Shehtic, on cross-examination, expressly disavowed "claiming" that Timothy had been the driver of the car. Defense counsel unwisely objected when plaintiff's counsel sought to probe the question whether Shehtic was purporting to say that Timothy had been the driver. Pressing his point, plaintiff's lawyer said, "I'm going to ask him if he now is trying to say that Timothy was the operator and Thomas was the passenger." For whatever reason, defense counsel continued to resist exploration of what would seem for the defense to have been fertile ground and said: "We never raised that issue." As matters developed, plaintiff's counsel was able to inquire further of Shehtic, and the latter continued to insist that he was not trying to establish that Timothy had been the driver and that he had no idea how Thomas happened to wind up in the passenger seat.

Earlier a police officer had testified that Thomas had been the driver of the car involved in the accident and that Timothy had been the passenger. On that record, we think the judge was right that no evidence had been adduced placing Timothy behind the wheel at the time of the accident and that the defense had disavowed that possibility. Accordingly, the instructions to the jury were correct.

2. *Comparative negligence.* There is no sign of a charge conference or requests for instructions in the record. After the charge, and the defense's protest that the judge should not have taken from the jury the question whether Timothy might have been the driver, defense counsel asked that the judge instruct the jury on comparative negligence. The failure to produce evidence that Timothy had been the driver precluded one possible ground for a comparative negligence charge. Had evidence been received that Thomas's ability to drive had been palpably impaired by drink or fatigue, that Timothy could have seen that, but that, nonetheless, he went along for the ride, then the basis would have existed for a comparative negligence charge. Compare *O'Connell* v. *McKeown*, 270 Mass. 432, 435-436 (1930); *Dean* v. *Bolduc*, 296 Mass. 15, 17-18 (1936); *McGaffigan* v. *Kennedy*, 302 Mass. 12, 15-17 (1938); *Foley* v. *Kibrick*, 12 Mass. App. Ct. at 384-385. No such evidence came into the case, however, and there was no basis for a charge based on a failure to leave or warn of disaster theory. See *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 493 (1977). Cf. *Terrio* v. *McDonough*, 16 Mass. App. Ct. 163, 177 (1983).

3. *The motion for a new trial.* Although the case has a certain man bites dog quality, the judge, in denying a new trial as to the jury's finding of negligence, acted within the broad discretion reposed in him. *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 495-497 (1920). *Kord* v. *Baystate Medical Center, Inc.*, 13 Mass. App. Ct. 909, 910 (1982). We might have acted differently, but that is not the standard; the standard is whether there are signs of "arbitrary determination, capricious disposition, or whimsical thinking." *Davis* v. *Boston Elev. Ry.*, *supra* at 496. We think the record discloses no such indicia of irrationality. At no point, incidentally, have the defendants contended that there was insufficient evidence of negligence to take the case to the jury.

The defendants also asked for a new trial on the ground of excessive damages. Here again, the discretion of the trial judge is considerable, and an appellate court should intervene only if the damages were greatly disproportionate to the injury proved or represented a miscarriage of justice. *Mirageas* v. *Massachusetts Bay Transp. Authy.*, 391 Mass. 815, 822 (1984). Compare *Marchant* v. *Dayton Tire & Rubber Co.*, 836 F.2d 695, 703-704 (1st Cir. 1988). There was evidence of extensive and painful injury to Timothy. Some injuries were permanent, including deterioration of his back. We think the decision of the trial judge not to disturb the verdict, while not compelled, was not an abuse of discretion. See also *Griffin* v. *General Motors Corp.*, 380 Mass. 362, 371 (1980).

> *Order denying motion for a new trial affirmed.*
>
> *Judgments affirmed.*

*John F. Toomey* for the defendants.
*John A. Wickstrom* (*Timothy P. Wickstrom* with him) for the plaintiffs.