ANN M. HEBARD *vs.* CHARLES F. O'BRIEN & others.[1] No. 91-P-1466. March 3, 1993. *Practice, Civil,* Verdict, Judicial discretion, New trial. *Negligence,* Motor vehicle.

This matter arises out of an intersection collision. In response to special questions the jury found the plaintiff had been seventy-five percent negligent and the defendants had been twenty-five percent negligent. The trial judge allowed the plaintiff's motion for a new trial, ostensibly on the ground that the verdict was against the weight of the evidence. A single justice of this court allowed the defendants to take an interlocutory appeal from the order of the judge allowing that motion.

"A motion to set aside a verdict as against the evidence is addressed to the sound discretion of the judge." *Solimene* v. *B. Grauel & Co., KG,* 399 Mass. 790, 802 (1987). See *Robertson* v. *Gaston Snow & Ely Bartlett,* 404 Mass. 515, 520, cert. denied, 493 U.S. 894 (1989). Our review of the record in conjunction with the trial judge's rather perfunctory memorandum, wherein he merely stated that the verdict "was against the weight of the evidence," leads us to conclude that the judge improperly exercised his discretion in allowing the motion and we accordingly reinstate the jury verdict.

"When a case has been fairly and fully tried upon correct principles of law, and a verdict has been rendered, it is in the interest of the Commonwealth that there should be an end of the litigation." *Davis* v. *Boston Elev. Ry.,* 235 Mass. 482, 496 (1920). A "judge should not take it upon himself to nullify a jury's verdict by granting a new trial unless it appears on a survey of the whole case that otherwise a miscarriage of justice would result." *Evans* v. *Multicon Constr. Corp.,* 6 Mass. App. Ct. 291, 295 (1978). When a judge does allow such a motion the specific grounds for allowance must be spread on the record, see *Turnpike Motors, Inc.* v. *Newbury Group, Inc.,* 413 Mass. 119, 128 (1992), unless it is manifest on the record that the verdict "is so greatly against the weight of the evidence as to induce in [the trial judge's] mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice." *Scannell* v. *Boston Elev. Ry.,* 208 Mass. 513, 514 (1911).

---

[1]Lamonte, Inc., doing business as Adams Service Station, and Lucille Pellegrini.

We find no sound basis in the record on appeal to convince us that the judge gave "careful consideration" (*Solimene* v. *B. Grauel & Co., KG, supra* at 802) to all the evidence as he is required to do, or that the "jury have failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law." *Hartmann* v. *Boston Herald-Traveler Corp.*, 323 Mass. 56, 60 (1948). *Robertson* v. *Gaston Snow & Ely Bartlett*, 404 Mass. at 520. Cf. *Turnpike Motors, Inc.* v. *Newbury Group, Inc., supra* at 129-130. It is apparent that in these circumstances "the [judge's] failure to do so 'appears . . . inconsistent with substantial justice' . . . [or] 'affect[s] the substantial rights of the parties.' " *Galvin* v. *Welsh Mfg. Co.*, 382 Mass. 340, 343 (1981), quoting from Mass.R.Civ.P. 61, 365 Mass. 829 (1974).

"Where there is a collision of vehicles at the intersection of streets the due care of plaintiffs and the negligence of defendants are generally questions for the determination of the fact finding tribunal." *Gibbons* v. *Denoncourt*, 297 Mass. 448, 450 (1937). The evidence was, as one would expect, conflicting, exemplifying the situation in which a jury is peculiarly well suited to make a determination. Here, the only completely independent percipient (and most probably unbiased) witness was the school bus driver; her testimony was very favorable to the defendants and furnished no corroboration of the plaintiff's version of the incident. Moreover, the physical damage to the two vehicles was more consistent with the defendants' evidence than the plaintiff's evidence. In these circumstances we think the record discloses the requisite "indicia of irrationality" on the part of the trial judge. See and compare *Egan* v. *Holderman*, 26 Mass. App. Ct. 942, 944 (1988). See also *Davis* v. *Boston Elev. Ry., supra* at 496.

> *Order allowing motion for*
> *new trial vacated.*
> *Judgment is to be entered on*
> *the verdict.*

*Bruce G. Goldman* (*Leo F. Roche, Jr.*, with him) for the defendants.
*Allan Green* for the plaintiff.