VENANCIO SANTO DOMINGO *vs.* TOWN OF WELLESLEY.

No. 96-P-1338.

Norfolk. January 29, 1998. - May 19, 1998.

Present: KASS, SMITH, & FLANNERY, JJ.

*Fire Fighter. Words*, "In the performance of duty."

Discussion of State cases regarding factors to be considered in determining whether a police officer or fire fighter has been injured in the performance of his duties so as to entitle him to compensation under G. L. c. 41, § 111F. [795-797]

A fire fighter who, without fault on his part, was injured in an automobile accident while driving home from special detail work for which he had volunteered, was not injured in the "performance of his duty" within the meaning of G. L. c. 41, § 111F, so as to entitle him to compensation under that statute, where he was not on call, actually working at a special detail, or otherwise engaged in any activity consistent with his duties as a fire fighter when he was injured. [797-798]

CIVIL ACTION commenced in the Superior Court Department on May 20, 1992.

A joint motion for reconsideration on cross motions for summary judgment, filed on June 25, 1993, was heard by *Thomas E. Connolly*, J., and final judgment on an assessment of damages was entered by *Martha B. Sosman*, J.

*Albert S. Robinson*, Town Counsel, for the defendant.

*Dennis R. Brown* for the plaintiff.

SMITH, J. On June 14, 1991, the plaintiff, a fire fighter employed by the defendant, town of Wellesley (town), was injured through no fault of his own in an automobile accident. As a result of his injuries, the plaintiff was absent from his duties as a fire fighter for a period of time. After his benefits were exhausted under the fire fighters' collective bargaining agreement, the plaintiff made a demand on the town that he be paid pursuant to G. L. c. 41, § 111F. His demand was rejected on the ground that his injuries were incurred while he was off duty.

The plaintiff then brought an action against the town seeking a declaration that he was injured in the performance of his duties as a fire fighter, and therefore was entitled to compensation under G. L. c. 41, § 111F, for the period he was absent from work.[1]

A Superior Court judge denied cross motions for summary judgment. Both parties then filed a joint motion for reconsideration. In their joint motion, the parties claimed that the cross motions for summary judgment, with their supporting memoranda, demonstrated that there was no dispute as to any material fact on the question whether the plaintiff was eligible for benefits under G. L. c. 41, § 111F. In response, the judge allowed the parties' motion for reconsideration, vacated his earlier order, allowed the plaintiff's motion for summary judgment, and denied the town's motion.

After partial judgment issued, another Superior Court judge held a hearing on the plaintiff's motion for assessment of damages. After the hearing, the judge ordered judgment to enter in the plaintiff's favor in a net amount of $42,122.46, and the town was to restore any sick leave and vacation time used by the plaintiff since the accident. In the final judgment, the plaintiff was awarded prejudgment interest in the amount of $16,440.35.

Both parties filed timely notices of appeal and cross appeal; the town claims that the motion judge committed error in allowing the plaintiff's motion for summary judgment, while the plaintiff claims that the judge erroneously calculated the

---

[1]General Laws c. 41, § 111F, as amended by St. 1964, § 149, states in relevant part:

> "Whenever a police officer or fire fighter of a . . . town . . . is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, or a police officer or fire fighter assigned to special duty by his superior officer, whether or not he is paid for such special duty by the city or town, is so incapacitated because of injuries so sustained, he shall be granted leave without loss of pay for the period of such incapacity; provided, that no such leave shall be granted for any period after such police officer or fire fighter has been retired or pensioned in accordance with law or for any period after a physician designated by the board or officer authorized to appoint police officers or fire fighters in such. . . town . . . determines that such incapacity no longer exists."

prejudgment interest in the award. We hold that the motion judge committed error in allowing the plaintiff's motion and that a declaration should have issued in favor of the defendant.

The material facts in this case are not disputed. On June 14, 1991, the plaintiff was employed as a fire fighter by the town. Fire fighters in the town were given the opportunity to volunteer for special details. If fire fighters worked on a special detail, they were paid for the hours worked. In order to be considered for special detail work, it was necessary for a fire fighter to place his or her name on a list. On June 14, the plaintiff had the day off, but his name had reached the top of the volunteer list, and he was offered the special detail available that day. The plaintiff accepted the detail, which consisted of being a fire guard at Wellesley College; there was considerable construction being performed on the campus and fire guards from the town's fire department had been posted to help reduce the risk of a fire. The detail hours were from 7:00 A.M. to 3:00 P.M., and the plaintiff was paid by the town for the eight hours he worked. .

Before reporting to the college, the plaintiff went to a satellite fire station (Station One) near the college to pick up a portable radio. After finishing the detail at 3:00 P.M., the plaintiff returned to Station One to drop off the radio, and then proceeded to drive home. While en route to his home, the plaintiff, who was operating his own automobile, was involved in an accident. It is undisputed that the plaintiff was not at fault when the accident occurred: his automobile was hit by another vehicle which had failed to stop at a red light.

The town argues that the motion judge committed error, and that the factors outlined in *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659 (1975), control this case. In *Wormstead*, a police officer claimed that he was injured in the performance of his duties. He was assigned to be in charge of a police station on a 5:00 P.M. to 1:00 A.M. shift. At 8:00 P.M., he took his "lunch" break and drove home in his own automobile. Upon finishing his meal, he collected some police investigation papers and drove back to the station. On his return trip, he was involved in an automobile accident.

In deciding whether the officer was in the performance of his duties at the time he was injured, the court looked to the Workers' Compensation Act (Act) and, in particular, G. L. c. 152, § 26, and the court's decisions interpreting the clause "arising out of and in the course of his employment." See *Wormstead* v.

*Town Manager of Saugus, supra* at 663. The court noted that "[t]he construction of [that clause] is settled law: 'An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects.' " *Id.* at 664, quoting from *Papanastassiou's Case*, 362 Mass. 91, 93 (1972).

Because the decisions required the court to look at all aspects of the plaintiff's employment, the court stated that there were several factors that should be considered in determining whether the plaintiff was injured in the performance of his duty. Included among those factors were "that the plaintiff's injury occurred during a period (1) for which he was being paid, (2) when he was on call, and (3) while he was engaged in activities consistent with and helpful to the accomplishment of police functions." *Wormstead*, 366 Mass. at 664.

With regard to the first two factors, the court noted that the officer was being paid and was on call at the time he was injured. Further, the court found that the officer had satisfied the third factor, because he was following an accepted practice by going home for lunch; by also bringing police investigatory reports back to the station, he was engaged in a task incident to the performance of his police duties. Based on these factors, the court determined that the officer was entitled to benefits pursuant to G. L. c. 41, § 111F.[2]

In this matter, the motion judge did not rely on the *Worm-*

[2]In *Wormstead*, the court also noted that its decisions interpreting G. L. c. 152, § 26, have established a general rule that " 'where the employee has fixed hours of work and a fixed place of employment, injuries going to and from work do not arise in the course of employment unless the employee is on the employer's premises.' " *Wormstead* v. *Town Manager of Saugus, supra* at 666, quoting from Locke, Workmen's Compensation § 262 (1968).

In *Wormstead*, the police officer was not on the employer's premises (the police station) at the time he was injured. The court held, however, that police officers are engaged in a "somewhat peripatetic occupation," and therefore, should be included in the class of "traveling workers" who are not barred from receiving benefits by the "going and coming" rule. *Id.* at 667.

We have been invited to place fire fighters into the same class of "travelling workers," who therefore are exempt from the "going and coming" rule. We decline the invitation because even if we assume here that the plaintiff, because he was a fire fighter, was exempt from the "going and coming" rule, he still was not injured in the performance of his duties under the factors enunciated in *Wormstead* as discussed, *infra.*

*stead* factors but instead ruled that *Allen* v. *Board of Selectmen of Weymouth*, 15 Mass. App. Ct. 1009 (1983), controlled.[3]

In *Allen*, a police officer "had gone on his day off to the courthouse, at the direction of his superiors, to testify in a criminal matter which he had investigated in the line of his police duty." *Id.* at 1009. The collective bargaining agreement provided that he would receive pay for a minimum of four hours, plus travel expenses. He was injured while driving his own automobile home from the courthouse. The trial judge ruled that because all three of the *Wormstead* factors were not present, the officer was not entitled to G. L. c. 41, § 111F, benefits. In reversing the trial judge, we ruled that the officer was entitled to such benefits because he was "dispatched on a special mission by his employer. The activity, in the course of which the accident occurred, was a part of [the officer's] employment which accrued to his employer's benefit." *Ibid.* The court then concluded that "until he reached home he had not completed the mission which required him to leave home on a day when he otherwise was not required to be on duty." *Id.* at 1010.

*Allen* is readily distinguishable from this case. In *Allen*, the officer was *ordered* by his superiors to travel on his day off to testify on a matter which he had investigated. See *Gardner* v. *Peabody*, 23 Mass. App. Ct. 168, 170-172 (1986) (court held that a police officer was entitled to G. L. c. 41, § 111F, benefits when injured while driving to the police station after he had been ordered to work by his superiors). In contrast to those two cases, the plaintiff in the present matter volunteered for a special detail for which he was remunerated over and above his regular pay. He was not "assigned to special duty by his superior officer." G. L. c. 41, § 111F. He was not on call, or actually

---

[3]The town urged the motion judge to use the three *Wormstead* factors to assess the merits of the plaintiff's claim that he was injured in the performance of his duties.

In his memorandum of decision, the motion judge stated that the argument that he should consider the three *Wormstead* factors was "specifically rejected" in *Allen* v. *Board of Selectmen of Weymouth, supra.*

The motion judge misinterpreted the *Allen* decision. We did not reject the three *Wormstead* factors. Rather, we stated that in the circumstances of the *Allen* case, "the trial judge took too rigid a view of the factors listed in *Wormstead*." 15 Mass. App. Ct. at 1009. See, e.g., *Gardner* v. *Peabody*, 23 Mass. App. Ct. 168, 174 (1986), where we did use the *Wormstead* factors in reaching our decision.

working at a special detail, or otherwise engaged in any activity consistent with his duties as a fire fighter when he was injured. Contrast *Politano* v. *Board of Selectmen of Nahant,* 12 Mass. App. Ct. 738 (1981) (police officer injured in a bar brawl when working on special detail); *Yates* v. *Salem,* 342 Mass. 460 (1961) (police officer working on special detail injured while directing traffic).

We reverse the judgment entered below and a new judgment is to enter declaring that the plaintiff was not injured while in performance of his duties.

*So ordered.*